# FEDERAL PUBLIC DEFENDER

## WESTERN DISTRICT OF PENNSYLVANIA
### 1111 RENAISSANCE CENTRE
### 1001 STATE STREET
### ERIE, PENNSYLVANIA 16501
#### PHONE: 814/455-8089
#### FAX: 814/455-8624

**LISA B. FREELAND**
*Federal Public Defender*

**THOMAS W. PATTON**
*Assistant Federal
Public Defender*

April 8, 2005

Scott A. Bradley
Senior Deputy Attorney General
Litigation Section
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219

      Re:    DeFoy v. McCullough, et al.,

Dear Mr. Bradley

      Thank you for your March 28, 2005 letter which included some of the documents used by the Board in considering Mr. DeFoy for parole. The documents have been very helpful in developing my discovery requests which are set forth below.

      1. Please provide a complete copy of the Board's file for Mr. DeFoy. The Parole Decision Making Guideline Forms you provided indicate that a number of items were attached to the forms when they were presented to the Board. These attachments were not provided to me and I must have them to fully develop the factual basis for Mr. DeFoy's claim. The simplest way to ensure that I have all of the information relied upon by the Board is to receive a complete copy of Mr. DeFoy's file. This request includes any information that may be in the possessing of the Parole Office at SCI Houtzdale.

      2. Please provide the following from the Department of Corrections' file for Mr. DeFoy: a) any and all notes, reports, or paperwork of any kind regarding Mr. DeFoy's removal from a community corrections center; b) any and all psychological or psychiatric reports or evaluations, including notes from the evaluation and the results of any psychological or psychiatric tests administered to Mr. DeFoy; c) any and all notes, reports or paperwork of any kind regarding Mr. DeFoy's participation in any institutional program; d) any and all notes, reports, or paperwork of any kind regarding any type of misconduct on Mr. DeFoy's part; e) any notes, documents, reports, or paperwork of any kind that discusses, mentions, or alludes to Mr. DeFoy's release on parole or evaluates Mr. DeFoy's suitability for parole.

      3. Please provide any written policy or policies, or confirm any unwritten policy or policies, of the Board concerning how an inmate's refusal to participate in the Sex Offender Program or failure to successfully complete the Sex Offender Program should be considered in making the Board's parole determination.

**COPY FOR YOUR
INFORMATION**

Scott A. Bradley
April 8, 2005
Page Two


4. Please provide the number of sex offenders currently incarcerated with the Department of Corrections.

5. Please provide the number of sex offenders who have successfully completed the treatment phase and maintenance phase of the Sex Offender Program through their release from the Department of Corrections.

6. Please provide the names of all sex offenders who have successfully completed the treatment phase of the Sex Offender Program who have been paroled or reparoled.

7. Please provide the names of all sex offenders who have not successfully completed the treatment phase of the Sex Offender Program who have been paroled or reparoled.

I understand that you letter indicates that the Board's data base does not contain sufficient information to obtain statistical data regarding parole denials based on refusals to participate in Sex Offender Treatment. Based on several state statutes, however, it seems clear the Board must be able to identify sex offenders within its data base. Pursuant to 42 Pa.C.S.A. § 9795.4(g), the Board may request the Sexual Offenders Assessment Board to perform an evaluation of any sex offender prior to considering the sex offender for parole. The Board used this power recently in Mr. DeFoy's case, requesting an evaluation of Mr. DeFoy as he is coming up for a parole review on the IDSI sentence in August 2005. A copy of the letter requesting the assessment is enclosed. The Board must have some ability to identify potential parolees as sex offenders so that it can utilize the Assessment Board's services. If the Board can identify potential parolees as sex offenders, it should then be able to review those parolees' files to determine if they have completed the sex offender program and if they have actually been paroled. Furthermore, 42 Pa.C.S.A. § 9718.1 limits parole eligibility for sex offenders convicted after December 2000 to those who have completed the Sex Offender Program. To effectuate this statute the Board must have some data on whether a potential parolee is a sex offender and if so whether he has completed the sex offender program.

It also appears that the Department of Corrections should have access to this information. In 2000, the Department of Corrections, through Jim Tice, Chief of the Treatment Division, provided detailed information about the Sex Offender Program to Mary West, EdD., DOC Deputy Director of Special Operations, Colorado Department of Corrections. The Colorado Department of Corrections was performing a 50 state survey of sex offender programs and solicited information about Pennsylvania's Sex Offender Program. The report was cited by Judge Weis in his concurring opinion.

According to Mr. Tice, as of December 31, 1999, the Department of Corrections knew the precise number of sex offenders incarcerated, 6,931, and had broken that number down into three subcategories. In response to a question asking about any internal system for tracking the Sex Offender Program's effectiveness, Mr. Tice stated that "[t]he SOP program is monitored through Central Office staff." Since the Department monitors the Sex Offender Program for

Scott A. Bradley
April 8, 2005
Page Three

effectiveness, it must have a data base that contains information about the total number of sex offenders housed with the department, whether the offender has successfully participated in the Sex Offender Program, and whether or not the offender has been paroled. Without containing this basic information, the data base would not be able to fulfill its stated goal. Even if the only information the Department has is the identity of all sex offenders and whether or not each has participated in the Sex Offender Program, the Board would be able to take those names and check its data base to determine the parole status of those individuals.

If either the Department of Corrections or the Board claims that it can not provide this information I respectfully request that you provide the names of the individuals who are responsible for maintaining the Department's and Board's respective data basis so that they may be deposed.

After I receive the above requested discovery, I will need to depose several potential witnesses. Based upon the information provided in your March 28, 2005 letter, I request depositions be taken from the following individuals:

1.  Frederick L. Cutler
2.  Deborah R. Cook
3.  Barbara L. Kline
4.  Interviewer for Parole Decision Making Guidelines dated October 24, 2000 (name is illegible)

I will supplement this request when I receive further discovery.

At the status conference and in your letter the possibility of entering into stipulations regarding the Board's practices in paroling or refusing to parole sex offenders has been discussed. Please consider agreeing to the following stipulations. If the Board will agree to these stipulations, it may be possible to avoid following through with the discovery requests made in this letter.

Stipulation Number One:

Given the December 9, 1992 green sheet requirement that Mr. DeFoy participate in sex offender treatment, there were no set of circumstances under which Mr. DeFoy would have been paroled without participating in sex offender treatment.

Stipulation Number Two:

The Parole Board has never paroled a sex offender who has refused to participate in the Sex Offender Program.

Scott A. Bradley
April 8, 2005
Page Four


Stipulation Number Three:

The Parole Board does parole some sex offenders who have completed the Sex Offender Program.

Thank you for your willingness to facilitate the discovery in this case. If you have any questions about any of the requests made, please feel free to contact me.

Very truly yours,


Thomas W. Patton
Assistant Federal Public Defender


cc:    Honorable Susan Paradise Baxter
       Robert DeFoy