IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT LEE DeFOY )<br>)<br>Petitioner )<br>)<br>v. )<br>)<br>JOHN M. MCCULLOUGH, et al., )<br>)<br>Respondents. ) | C.A. No. 00-110 Erie |

RESPONDENTS' ANSWER TO
**REQUESTS FOR ADMISSION UNDER FEDERAL RULE OF CIVIL PROCEDURE 36**

Petitioner Robert Lee DeFoy requests defendants John M. McCullough et al., within 30 days after service of this request to make the following admissions for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at the trial:

1. That each of the following documents, exhibited with this request, is genuine.

    A.  Confidential Psychological Evaluation dated June 16, 1997, submitted by Lori Ford, Psychology Intern and reviewed by Carrie Fromm, Licensed Psychology Mgr.

    B.  PV Psychological report dated July 26, 1993, prepared by E.G. Mulligan, PSA-II and Kenneth F. Ley, Ph.D., Psychologist II.

    C.  Parole Decision Making Guidelines for interview date 6/19/97 prepared by Deborah R. Cook.

    D.  Summarization Report prepared by Frederick L. Cutler, Parole Agent II, dated June 18, 1997.

    E.  Reclassification Summary form DC-13A signed by John M McCullough, Superintendent dated May 23, 1997.

    F.  Parole Decision Making Guidelines for interview date 6/29/98 prepared by Deborah R. Cook.

    G.  Summarization Report prepared by Parole Agent Frederick L. Cutler dated 6/17/98.

    H.  Reclassification Summary form DC-13A signed by John M. McCullough, Superintendent dated May 27, 1998.

**PETITIONER'S EXHIBIT HHH**

I.  Parole Decision Making Guidelines for interview date 10/24/00 prepared by Nicholas Muller.

J.  Review Summarization Report prepared by Parole Supervisor Barbara L. Kline dated 10-19-00.

K.  Letter from John M. McCullough to the Honorable William Ward, Chairman Pennsylvania Board of Probation and Parole dated July 11, 2000.

L.  Reclassification Summary form DC-13A signed by John M. McCullough, Superintendent dated April 11, 2000.

M.  Confidential Mental Health Evaluation - Parole dated May 31, 2000, submitted by Shirley Knapp, PSA Corrections and reviewed by Stuart L. Steinberg, Chief of Psychology.

N.  Psychological Evaluation for Parole dated 6/7/2005 prepared by Michael G. Ocilka, Psychological Services Specialist and Francis J. Schuster, Licensed Psychologist Manager.

SEE ATTACHED SHEET FOR RESPONSES
2. That each of the following statements is true.

A.  On November 10, 1992, the Board revoked Mr. DeFoy's parole on his armed robbery sentence for committing the offenses of involuntary deviate sexual intercourse, statutory rape, and corruption of minors based upon Mr. DeFoy's conviction in the York County Court of Common Pleas on those offenses.

B.  On November 10, 1992, the Board ordered Mr. DeFoy to serve 40 months backtime and imposed the following stipulations on Mr. DeFoy: comply with the institution's prescriptive program requirements, have no misconducts, and participate in sex offender treatment.

C.  Having imposed the stipulation that Mr. DeFoy participate in sex offender treatment, the Board would not parole Mr. DeFoy unless he participated in sex offender treatment.

D.  Following the November 10, 1992 revocation of Mr. DeFoy's parole, the Board first considered Mr. DeFoy for reparole in June, 1997.

E.  When the Board considered Mr. DeFoy for reparole in June 1997, the Pennsylvania Department of Corrections recommended that Mr. DeFoy be paroled.

F.  When the Board considered Mr. DeFoy for reparole in June 1997, the Board's Parole Decision Making Guidelines recommended that Mr. DeFoy be reparoled.

G.  The "recent psychiatric/psychological report which causes concern" referred to in section IV, B, 2 of the Parole Decision Making Guidelines used in the Board's June 1997 review of Mr. DeFoy for reparole is the report prepared by Psychology Intern Lori Ford and reviewed by Psychology Manager Carrie Fromm that is identified as document A above.

H.  On July 26, 1993, the Department of Corrections prepared a Parole Violator Psychological report for Mr. DeFoy that is identified as document B above.

I.  At the time the Board considered Mr. DeFoy for reparole in June 1997, Judge Emanuel A. Cassimatis had granted Mr. DeFoy a new trial on the charges of Involuntary Deviate Sexual Intercourse, Statutory Rape, and Corruption of Minors referred to in statement A.

J.  At the time the Board considered Mr. DeFoy for reparole in June 1997, the York County District Attorney's Office had an appeal pending in the Superior Court of Pennsylvania challenging Judge Emanuel A. Cassimatis' order granting Mr. DeFoy a new trial in case no. 3623 C.A. 1991 Court of Common Pleas of York County.

K.  The Board will parole inmates who have successfully completed the Sex Offender Treatment Program.

L.  The Board will not parole an inmate who has been directed to participate in the Sex Offender Treatment Program but has not successfully completed the program.

Respectfully submitted,

_____
Thomas W. Patton
Assistant Federal Public Defender
P.A. I.D. No. 88653

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT LEE DEFOY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | C.A. No. 00-110 E |
| ) | |
| JOHN M. MCCULLOUGH, ET AL., ) | |
| ) | |
| Respondents. ) | |

**RESPONDENTS' ANSWER TO
PLAINTIFF'S REQUESTS FOR ADMISSION**

1. A. This is Admitted to being a genuine document.

   B. This is Admitted to being a genuine document.

   C. This is Admitted to being a genuine document.

   D. This is Admitted to being a genuine document.

   E. This is Admitted to being a genuine document.

   F. This is Admitted to being a genuine document.

   G. This is Admitted to being a genuine document.

   H. This is Admitted to being a genuine document.

   I. This is Admitted to being a genuine document.

   J. This is Admitted to being a genuine document.

   K. This is Admitted to being a genuine document.

   L. This is Admitted to being a genuine document. (Please note that the date reads May 11, 2000.)

M. This is Admitted to being a genuine document.

N. This is Admitted to being a genuine document.

2. A. Please refer to what is reflected in the Board Decision recorded on November 10, 1992, which speaks for itself. It is Objected to as seeking any characterization of the document.

B. Please refer to what is reflected in the Board Decision recorded on November 10, 1992, which speaks for itself. It is Objected to as seeking any characterization of the document.

C. This statement is Objected to as being speculative and does not ask for a factual admission.

D. This statement is Denied. There is a Board Decision recorded on November 5, 1993 where plaintiff was granted reparole to his detainer sentence. This was subsequently rescinded.

E. Please refer to what is reflected in the document identified as 1.E., which speaks for itself. Although, please note that the Pennsylvania Department of Corrections recommended that Mr. DeFoy be paroled to the state detainer sentence.

F. Please refer to what is reflected in the document identified as 1.C., which speaks for itself. It is Objected to as seeking any characterization of the document.

G. Defendants cannot Admit or Deny this statement at this time as they do not know.

H. This document speaks for itself, please refer to the document and response to 1.B. above.

I. This statement is Admitted.

2

J. This statement is Admitted.

K. This statement is Objected to as being speculative and does not ask for a factual admission. The Board considers each case on its merits and will consider whether an inmate has participated in treatment. However, refusal to participate would not prevent the Board from paroling the inmate if it wanted to. Likewise, completing treatment would not guarantee parole.

L. See response to 2.K. above.

Respectfully submitted,

THOMAS W. CORBETT, JR.
Attorney General

Scott A. Bradley
Senior Deputy Attorney General
Attorney I.D. No. 44627

Office of Attorney General
6th Floor, Manor Complex
564 Forbes Ave.
Pittsburgh, PA 15219
Phone: (412) 565-3586
Fax:   (412) 565-3019

Susan J. Forney
Chief Deputy Attorney General

Date: December 20, 2005

3